# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK KARL JOST, | ) | 1:05cv01360 AWI DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| UNITED STATES POST OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Frederick Karl Jost ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this action on October 27, 2005. Plaintiff alleges that the United States Postal Service violated his rights when it allegedly lost his mail.

## DISCUSSION

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint

1

1 | can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2 |     In reviewing a complaint under this standard, the Court must accept as true the allegations
3 | of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
4 | (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
5 | v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
6 | Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

7 | B.    <u>Plaintiff's Allegations</u>

8 |     Plaintiff alleges that on January 10, 2005, the United States Post Office lost his personal
9 | property during mail processing.  Plaintiff sets forth the items he claims to have lost, which range
10 | from food and cosmetic items to diamonds and gold coins.  He alleges that the items were lost at
11 | the Los Angeles Bulk Mail Center and that he should be compensated for the value of the items.
12 | In support of his claim, he attaches a Parcel Search Request sent from the Los Angeles Bulk Mail
13 | Center.  The document informs Plaintiff that an empty wrapper with his address was found in the
14 | mail and that it appears to have been separated from a parcel during handling The Post Office
15 | requests that Plaintiff provide a detailed description of the missing items.  The document further
16 | states that if his items cannot be located, he can request a postage refund or, if the parcel was sent
17 | insured or C.O.D., file a claim for indemnity.

18 |     Plaintiff alleges that the Post Office deprived him of his right to have, keep, use and enjoy
19 | his property.  He requests $10,000 to compensate him for the lost items, as well as punitive
20 | damages based on negligent, willful and reckless conduct.

21 |     Also attached to Plaintiff's complaint is a claim form submitted to the California Victim
22 | Compensation and Government Claims Board in which Plaintiff attempts to recover $10,000 for
23 | the lost property.  On August 5, 2005, the Board wrote Plaintiff a letter in which it explained that
24 | it did not have jurisdiction over the United States Post Office and that Plaintiff should contact the
25 | agency directly if he wished to pursue a claim.

26 | B.    <u>Analysis</u>

27 |     1.    *Section 1983 Action*

28 |     Although Plaintiff filed his complaint on a form prepared for civil rights complaints

1  pursuant to 42 U.S.C. § 1983, it is somewhat unclear as to whether Plaintiff's theory of recovery
2  is based on a constitutional violation or a basic negligence claim.  It is clear, however, that
3  Plaintiff cannot proceed under 42.U.S.C. § 1983 against the United States Post Office or the
4  Postmaster General.  To state a claim under section 1983, a plaintiff must allege that (1) the
5  defendant acted under color of *state law* and (2) the defendant deprived him of rights secured by
6  the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.
7  2006).  Here, Defendants did not under color of state law.
8          2.      *Substantive Due Process*
9          Insofar as Plaintiff refers to his right to have, use and enjoy his property, the Court
10 construes his claim as one brought pursuant to the substantive component of the Due Process
11 Clause of the Fifth Amendment, which protects prisoners from being deprived of life, liberty, or
12 property without due process of law.  "The concept of substantive due process . . . forbids the
13 government from depriving a person of life, liberty, or property in such a way that shocks the
14 conscience or interferes with rights implicit in the concept of ordered liberty."  Nunez v. City of
15 Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (citation and internal quotation marks).
16         Plaintiff's allegations, though, wholly fail to demonstrate that Post Office acted in a way
17 that "shocks the conscience or interferes with rights implicit in the concept of ordered liberty."
18 Rather, he is upset, and perhaps rightfully so, that the Post Office lost his package.  Although he
19 uses the words "willfulness" and "reckless," he alleges no facts that rise to the level of a
20 substantive due process violation.  While it is unfortunate for Plaintiff that the Post Office lost
21 his mail, its actions, if anything, reflect nothing more than mere negligence.  Negligence is not
22 sufficient to state a claim for substantive due process.  See eg., Daniels v. Williams, 474 U.S.
23 327, 333 (1986); Maddox v. City of Los Angeles, 792 F.2d 1408, 1413 (9th Cir. 1986).
24         "Put simply, not every social injustice has a judicial remedy."  Nunez, 147 F.3d at 874.
25         3.      *Negligen*ce
26         Finally, insofar as Plaintiff's complaint can be construed to allege that the Post Office
27 committed negligent acts in losing his mail, he has failed to exhaust his administrative remedies.
28         The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, waives the

sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 114 S.Ct. 996, 1000 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980) (*citing* 28 U.S.C. § 2675). A claim may not be filed in federal court until the plaintiff has received a final denial of the claim from the appropriate agency. Id. As Plaintiff has alleged no facts indicating that he exhausted his administrative remedies pursuant to the FTCA[1] prior to filing this complaint, he cannot state a negligence claim.[2]

Accordingly, Plaintiff's section 1983 claim and substantive due process claim must be dismissed for failure to state a claim for which relief can be granted. As it does not appear that he can remedy the above deficiencies with respect to these claims, the Court recommends that they be dismissed without leave to amend. To the extent Plaintiff attempts to state a negligence claim, the claim is dismissed without prejudice to Plaintiff filing a new FTCA action if and when the administrative prerequisites have been met.

## **RECOMMENDATION**

Accordingly, the Court recommends that Plaintiff's section 1983 claim and substantive due process claim be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief can be granted. To the extent Plaintiff attempts to state a negligence claim, the

---

[1] Plaintiff's filing with the California Victim Compensation and Government Claims Board does not satisfy the requirements of the FTCA.

[2] Plaintiff should note that a claim under the FTCA is barred unless it is presented in writing to the appropriate federal agency "within two years after such claim accrues." United States v. Kubrick, 444 U.S. 111, 113 (1979) (*quoting* 28 U.S.C. § 2401(b)). A claim therefore accrues within the meaning of § 2401(b) when the plaintiff knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute malpractice. Id. at 118-25. A plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should not receive equal treatment. Id. at 122.

1  Court recommends that the claim be DISMISSED WITHOUT PREJUDICE.

2  These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,
3  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and
4  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District
5  of California.  Within thirty (30) days after being served with a copy, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
8  shall be served and filed within ten (10) court days (plus three days if served by mail) after
9  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
10 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
12 F.2d 1153 (9th Cir. 1991).

14  IT IS SO ORDERED.

15  Dated: **May 8, 2007**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE