# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK KARL JOST,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POST OFFICE,<br><br>　　　　　　　　　Defendant. | 1:05cv1360 AWI DLB<br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATION<br><br>(Document 14) |

　　　　Plaintiff Frederick Karl Jost ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed the instant action on October 27, 2005.

　　　　On May 8, 2007, the Magistrate Judge issued Findings and Recommendation that Plaintiff's 42 U.S.C. § 1983 claim and substantive due process claim be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief can be granted.  The Court further recommended that to the extent Plaintiff attempts to state a negligence claim, the claim be DISMISSED WITHOUT PREJUDICE.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days.  Plaintiff filed his objections on May 17, 2007.

　　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendation is supported by the record and

1

proper analysis.   In the objections, Plaintiff clarifies that his claim derives from a common law action for "replevin."   As such, it appears Plaintiff is attempting to sue the United States Post Office in tort for losing his property.   As explained by the Magistrate Judge, the FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1).   The FTCA bars claimants from seeking damages against the United States in federal court until they have exhausted their administrative remedies with the appropriate federal agency and had their claim denied.  28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Jerves v. United States, 966 F.2d 517, 518-19 (9th Cir.1992).  This exhaustion requirement is jurisdictional and must be strictly adhered to.  Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).   While the objections state Plaintiff requested an indemnity claim form from the United States Postal Service Inspection Service, Plaintiff concedes he has not complied with the FTCA. Accordingly, the court has no choice but to dismiss this action against the United States Post Office.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations dated May 8, 2007, is ADOPTED IN FULL; and

2. Plaintiff's 42 U.S.C. § 1983 claim and substantive due process claim is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief can be granted.  To the extent that Plaintiff attempts to state a negligence claim, the claim is DISMISSED WITHOUT PREJUDICE.

This terminates this action in its entirety.

IT IS SO ORDERED.

**Dated:   May 21, 2007**                               /s/ **Anthony W. Ishii**
                                                    UNITED STATES DISTRICT JUDGE