# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK KARL JOST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES POST OFFICE,<br><br>　　　　Defendant. | 1: 05 - CV - 1360 AWI DLB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**<br><br>**ORDER DENYING MOTION FOR COUNSEL**<br><br>[Documents #18, #19, #21] |

## BACKGROUND

Plaintiff filed a civil action against the United States Post Office. After receiving several extensions of time, and on May 3, 2007, the Magistrate Judge granted Plaintiff's motion to proceed in forma pauperis. On May 22, 2007, the court adopted the Magistrate Judge's Findings and Recommendation and dismissed Plaintiff's claims without prejudice.

On June 4, 2007, Plaintiff filed a notice of appeal. Along with his notice of appeal, Plaintiff filed a motion to proceed in forma paupiers on appeal, a motion for a certificate of appealability, and a motion for the appointment of counsel.

## DISCUSSION

A party who was permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies the appeal is not taken in good faith. See Fed. R. App. Pro. 24(a)(3). Here, the appeal appears to be in good faith because Plaintiff is appealing this court's dismissal of Plaintiff's complaint.

Because Plaintiff had been proceeding in this court in forma pauperis, Plaintiff is entitled to in forma pauperis status on appeal.

Plaintiff next requests a certificate of appealability.   A certificate of appealability is necessary when a state prisoner is seeking to appeal a district court's denial or dismissal of a writ of habeas corpus.  28 U.S.C. § 2253.   Because this action was not a petition for writ of habeas corpus, no certificate of appealability is necessary.

Finally, Plaintiff requests the appointment of counsel.   Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1).   The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.1998) (en banc); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).   Because this court has entered final judgment in this action, the court finds that any request for counsel on appeal should be addressed to the Ninth Circuit Court of Appeals.

**ORDER**

Accordingly, the court ORDERS that:

1. Plaintiff's motion to proceed in forma pauperis on appeal is GRANTED;
2. Plaintiff's motion for a certificate of appealability is DENIED as unnecessary;
3. Plaintiff's motion for the appointment of counsel is DENIED without prejudice to raising this issue before the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

**Dated:   June 8, 2007**              /s/ Anthony W. Ishii
                                                    UNITED STATES DISTRICT JUDGE